DANIEL RAHITY *v.* CHARLES S. STRINGFELLOW and J. W. FRIEND, Trustees of GEORGE D. WHITE.

A plaintiff in an attachment, levied on the property of the debtor, accepting a deed of trust from such debtor to all his creditors, and signing an agreement providing for the payment of the debts of the debtor *pro rata*, releases the lien acquired by the levy of the attachment, and must take his part with the creditors secured in the deed.

CASE AGREED, heard before *Watts, J.,* at Chambers January 9th, 1874, HALIFAX county.

The following are the facts as agreed and signed by counsel:

On the 8th day of December, 1873, the plaintiff Daniel Rahity, sued out attachments in divers cases, before a Justice of the Peace, in and for the county of Halifax, against the

property of Geo. D. White, a merchant, doing business in the town of Weldon in said county, upon the ground that said White was largely indebted to him, and that he was disposing of his property for the purpose of defrauding creditors.

Warrants of attachment in each case, were issued by the Justice, and placed in the hands of a constable commanding him to attach so much of the goods and chattels of the said White as would be sufficient, to satisfy the claims of the said Rahity, and safely keep the same to satisfy any judgment that might be recovered on said attachment.

The said constable by virtue of said warrant of attachment levied on the stock of goods of the said White in the said town of Weldon, on the said 8th day of December, and took the same in custody.

On the 9th of December, one T. L. Emory, a creditor of White, filed a petition against the said White in the District Court of the United States for the Eastern District of North Carolina, alleging divers acts of bankruptcy, and praying that proper proceedings be had and taken to adjudge said White a bankrupt within the purview of the act of Congress entitled, "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2nd, 1867, and that in the meantime a restraining order or writ of injunction be issued, commanding and enjoining the said constable and the said Rahity from selling, transferring or otherwise disposing of any and all the goods wares and merchandise or other property heretofore levied upon as above stated, until the farther order of said Court.

Said petition coming on to be heard, before his Hon. Geo. W. Brooks, Judge of said Court, on the 10th of said month, said restraining order or writ of injunction was granted and duly served and said property, delivered to and taken in the custody of the United States Marshal for said District, on the 11th day of December.

On the 10th day of December, a meeting of a majority, in number and value, of the creditors of George D. White was

RAHITY *v.* STRINGFELLOW and FRIEND, Trustees.

held in the city of Petersburg and State of Virginia, the residence of said Rahity, who was present when and where George D. White and his wife Della J. White, residents of said city, were by said creditors induced to, and did execute and deliver to the defendants J. W. Friend and Charles S. Stringfellow, a deed for certain purposes therein expressed, a copy of which is hereto appended. Said deed has been duly proven, admitted to probate and recorded.

On the 11th of December, all of the creditors at said meeting, including Rahity, entered into and signed a release, a copy of which is hereto appended.

The defendants were furnished by said White, with a list of his creditors, purporting to be full and complete, and at once took steps to notify said creditors of the execution of the aforesaid deed of trust, all of whom have come in and signed the agreement or release.

Thereupon the creditors represented by said trustees moved for and obtained an order dismissing the proceedings in bankruptcy, against Geo. D. White. No adjudication of bankruptcy or appointment of assignee was made.

On the 15th of December, four days after he had become a party to the agreement or release aforesaid, the said Daniel Rahity, prosecuted his claims against Geo. D. White, to judgment. No summons was served therein until the 13th of said month. The said trustees were not made parties to said proceedings. Soon after the said trustees took possession of the property mentioned in the deed of trust, to wit, in January last, Rahity, by his attornies, notified them that his debt was secured by a valid and binding lien upon the stock of goods of the said White, by virtue of the attachments aforesaid, levied thereon and that he should insist upon the payment of his debt in full, out of the proceeds of said stock if sufficient for that purpose. They disputed the validity of the lien, but acknowledged the right of said Rahity to have his debt so paid, if the same was valid and binding according to the spirit and meaning of the deed of trust. The question submitted to the

RAHITY v. STRINGFELLOW and FRIEND, Trustees.

Court was as follows: Are the aforesaid attachments valid and subsisting liens upon the property of the said Geo. D. White, upon which the said attachments were levied, and are the debts upon which the same were issued to be paid in full by the said trustees out of the proceeds thereof or *pro rata.*

The following is the deed executed by George D. White and his wife to J. W. Friend and Charles S. Stringfellow:

"WHEREAS, Geo. D. White is largely indebted, and by reason of inability to collect the monies due him, is unable to meet his obligations, and whereas, proceedings in bankruptcy have already been instituted against him by one of his creditors, and whereas, at a meeting this day held in the city of Petersburg, representing in number and value the larger number of his said creditors, a desire was expressed to have the assets of the said White administered for their benefit by trustees of their own selection, and whereas, the said White is willing to carry out this desire, and to effectuate the same, and pay to the greatest extent his indebtedness aforesaid and his wife is willing to relinquish her contingent dower right in the real estate hereinafter mentioned. Now, therefore, this deed made this, the 10th day of December, 1873, between George D. White and Della J. White, his wife, of the first part and J. W. Friend and Chas. S. Stringfellow, of the second part, witnesseth, that the said George and Della J. White, his wife, in consideration of the premises, and the farther sum of $10 cash in hand paid by the said Friend and Stringfellow, the receipt whereof is hereby acknowledged, do grant, with general warranty unto the said J. W. Friend and Chas. S. Stringfellow, their heirs, administrators, executors and assigns, all the real estate now owned by the said George D. White, in the town of Weldon, county of Halifax, and State of North Carolina, consisting of two certain lots, with the store houses now on them, in which said White has been doing business, wherein his stock of goods now lies, and one vacant lot purchased of J. T. Evans, all on the east side of Blount street, in the town

RAHITY *v.* STRINGFELLOW and FRIEND, Trustees.

aforesaid, and the said George D. White further grants, gives, conveys and assigns to the said parties of the second part all of his bonds, notes, due bills, open accounts and books, together with all of his stock of goods of every kind, sort and character now lying in said storehouses.  In trust nevertheless to sell said stock of goods, and out of the proceeds to pay off equally and *pro rata*, without priority or preference, all of the creditors of said White, who may come in and accept the provision and benefit of this deed, and fully release and discharge said White from the excess of his indebtedness over and above what may be realized from this deed.

The said trustees being first allowed all the expenses attending the execution of this trust, including the usual commission of five per cent. on all sales and collections, as compensation or their time and trouble, it being understood that this deed is fmade subject to all valid and binding liens on either the real or personal estate hereby conveyed and that such creditors as may hold such liens are to be paid in full.  The said trustees shall have power to appoint and pay such agent or agents as may be necessary to enable them properly to carry out this trust, to compound, compromise and settle such claims, bonds, notes or open accounts as may be deemed by them doubtful or uncertain, to sell the real and personal estate hereby conveyed at such times and on such notice and in such manner, publicly or privately as they may deem best for the interest of the creditors aforesaid, the trustees under this deed, and generally to do all things that may lawfully be done, which in their judgment will promote the interest and accomplish the ends of this trust. Witness, &c.

GEORGE A. WHITE, [SEAL.]
DELLA J. WHITE.    [SEAL.]

The following release was executed in pursuance of the above deed, to-wit :

We, the undersigned, creditors of George D. White, lately doing business in the town of Weldon, county of Halifax, and

State of North Carolina, do hereby assent to and accept the provisions of the deed made by said George D. White and Della J. White to J. W. Friend and Charles S. Stringfellow, dated the 10th day of December, 1873, and in consideration of the provisions and conveyances made by said White and wife in the deed aforesaid, and of the relinquishment of her contingent right of dower by said Della J. White, the wife of said George D. White, do hereby release, give up and discharge the excess of our respective debts. demands and claims against the said George D. White, above what may be realized from and under the said deed, and accept whatever sum or sums we may receive from the proceeds of the property, real and personal, conveyed for our benefit by said deed, in full satisfaction and discharge of all our said demands and covenant not to sue said George D. White upon the same.

But that agreement is not to be valid and binding unless the proceedings in bankruptcy already instituted against George D. White shall be withdrawn and dismissed, and said deed of December 10th, assented to, and this agreement and discharge signed by all the creditors of said George D. White. And it is further understood that the same is not to be binding on any parties whose signatures are hereto attached, who hold notes, bonds, or claims against said White, unless the endorsees or sureties to the same, if any, shall also assent hereto, in evidence of their agreement to this release, and that the same is made with their full assent and concurrence and will not be used in any proceeding in law or equity against them by the holders of the bonds, notes, bills, &c., upon which they are liable as endorsees or securities as aforesaid.

All the known creditors of George D. White executed the above release.

Upon motion, his Honor dismissed the action ; and from this judgment the plaintiffs appealed.

*Hill, Day* and *Conigland,* for the appellant.
*Smith & Strong,* contra.

READE, J. We are of the same opinion with his Honor below that the plaintiff, by accepting the terms of the deed in trust and signing the agreement of the creditors, released his lien of attachment (if indeed he had any lien) and must take his stand with the other creditors and share *pro rata.*

There is no error.

PER CURIAM.                    Judgment below affirmed.